### El Pueblo v. Peña.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 457.—Resuelto en noviembre 20, 1912.

Derecho Penal—Acometimiento con Intención de Cometer Homicidio—Defensa de Haber Estado Expuesto Anteriormente por el Mismo Delito

(Former Jeopardy).—Un acusado que en el acto de la lectura de la acusación sólo hace la alegación de no culpable, puede, durante el juicio, después de haber sido juramentado el Jurado y de leída la acusación, con el permiso de la corte, alegar la defensa de haber estado expuesto anteriormente por el mismo delito en la corte municipal.

Id.—Defensa de Haber Estado Expuesto Anteriormente por el Mismo Delito—Artículo 169 del Código de Enjuiciamiento Criminal—Traducción Errónea al Español.—La defensa de haber estado anteriormente expuesto por el mismo delito, ha sido erróneamente considerada por las cortes sentenciadoras varias veces como una excepción previa o una excepción perentoria a la acusación, debido a que la palabra ''bar,'' empleada en el artículo 169 del Código de Enjuiciamiento Criminal texto inglés, ha sido erróneamente traducida al español por ''excepción perentoria'' siendo la verdadera traducción ''obstáculo'' o ''impedimento,'' de modo que la parte pertinente del artículo 169 en español del Código de Enjuiciamiento Criminal debería decir ''tal convicción, absolución o peligro constituirá impedimento a una nueva acusación'' o ''impedirá la presentación de nueva acusación.''

Id.—Defensa de Haber Estado Expuesto Anteriormente por el Mismo Delito—Consideración por el Jurado.—Habiendo el acusado en el caso de autos alegado a su debido tiempo y en debida forma la defensa de haber estado expuesto anteriormente por el mismo delito, era el deber de la corte sentenciadora someter dicha defensa a la consideración del jurado para que la tuviera en cuenta al dar su veredicto.

Id.—Acometimiento y Agresión—Acometimiento con Intención de Cometer Homicidio.—Cuando, como en el caso de autos, un acusado es absuelto por una corte municipal del delito de acometimiento y agresión, dicha sentencia absolutoria impide el que el mismo acusado pueda ser declarado culpable por un jurado ante una corte de distrito del delito de acometimiento y agresión con circunstancias agravantes, en virtud de nueva acusación por el delito de acometimiento con intención de cometer homicidio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este caso se inició en la Sección Segunda de la Corte de Distrito de San Juan, donde fué presentada una acusación el día 13 de octubre del pasado año, imputando a Martín Peña, que es el acusado en esta causa, la comisión de un delito de acometimiento con intención de cometer homicidio. Se alega en dicha acusación que hacia el día 2 de enero de 1911 el acusado, dentro de la jurisdicción de dicha corte, ilegal, voluntaria y maliciosamente acometió a José Berdejo con

intención de matarle, causándole seis heridas en su cuerpo con un cuchillo.

El juicio de esta causa se celebró ante un jurado el día 22 de enero último, emitiendo dicho jurado un veredicto de culpabilidad por el delito de acometimiento y agresión con circunstancias agravantes. De conformidad con este veredicto el acusado fué declarado culpable de dicho delito y condenado en 23 de dicho mes a sufrir un año de cárcel y al pago de las costas.

A su debido tiempo interpuso recurso de apelación para ante esta corte y aparece en los autos una exposición del caso que comprende la prueba que fué presentada durante el juicio. El apelante no presentó *brief* alguno pero estuvo representado por abogado durante la vista de esta apelación. Esta práctica de asistir a la vista el abogado sin presentar un alegato no se recomienda. El Fiscal presenta un informe escrito sobre el caso en el que está conforme con que la sentencia se revoque y desestime la acusación por virtud de la alegación de haber estado expuesto el acusado anteriormente por el mismo delito.

Aparece de los autos que al darse lectura de la acusación a dicho acusado en 6 de noviembre de 1911, éste hizo solamente la alegación de no culpable, pero en la exposición del caso consta que durante el juicio después de haber sido juramentado el jurado y leída la acusación, formuló el acusado otra alegación—lo que tenía derecho a hacer entonces con el permiso de la corte que la admitió—que "había sido anteriormente absuelto del delito que se le imputó en la acusación en un juicio que tuvo lugar ante la Corte Municipal de San Juan, y por consiguiente había estado ya una vez expuesto por el mismo delito, que es el mismo que se determina en la acusación que ha sido presentada contra él," y en apoyo de esta alegación ofreció y fué admitida por la corte, una copia certificada de la sentencia absolutoria dictada por la Corte Municipal de San Juan en un caso de acometimiento y agre-

sión contra José Berdejo y Martín Peña, permitiéndosele al Fiscal que también presentara como prueba una copia certificada de la denuncia presentada en el mismo caso.

Después que dicha alegación fué debidamente discutida y considerada, la corte sentenciadora desestimó la referida moción según había sido presentada. Parece que la alegación presentada, debido a haber estado el acusado anteriormente expuesto por el mismo delito, fué erróneamente considerada como una excepción previa o por una excepción perentoria como suele llamarse generalmente. Resulta, además, que las cortes sentenciadoras incurren al parecer en tal error con más o menos frecuencia, debido a la mala traducción del artículo 169 del Código de Enjuiciamiento Criminal.

El estatuto en inglés, que es el original, se expresa como sigue:

*"When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an information, the conviction, acquittal, or jeopardy is a bar to another information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that information."*

La traducción en español es como sigue:

"Si el acusado hubiere sido convicto o absuelto de una acusación, o estado en peligro alguna vez por la misma, tal convicción, absolución o peligro constituirá excepción perentoria a la nueva acusación por el delito imputado en la anterior, o por tentativa de cometerlo, o por cualquier delito necesariamente comprendido en la misma de que hubiera podido ser convicto en virtud de dicha acusación anterior.'

Comparando ambos estatutos se verá que la palabra *"bar"* ha sido traducida por "excepción perentoria" en la versión española. La palabra *"bar"* no significa "excepción perentoria" sino "obstáculo" o "impedimento." El texto español debe leer como sigue: "tal convicción, absolución o peligro

constituirá impedimento a una nueva acusación'' o ''impedirá la presentación de nueva acusación.''

Habiendo el acusado presentado en la corte inferior su alegación de haber estado expuesto anteriormente por el mismo delito a su debido tiempo y en forma adecuada, era el deber de dicha corte someter la cuestión a la consideración del jurado para que fuera tomada en consideración en su veredicto.

Se probó por la evidencia que fué presentada en el juicio a presencia del jurado, que el apelante había sido absuelto del mismo delito en el caso anterior por la Corte Municipal de San Juan, de cuyo delito fué declarado culpable en la corte de distrito en una denuncia que contra él se presentó por el delito de acometimiento y agresión. Desde luego, que su alegación de haber estado expuesto anteriormente por el mismo delito y la prueba de su absolución, impedía que se dictara contra él una sentencia condenatoria por el delito de acometimiento y agresión como se dictó en el presente caso.

Ha quedado bien establecido por la uniforme corriente de autoridades que cuando se imputa a una persona un delito que comprende otro de grado menor, y se celebra un juicio en debida forma y declara culpable a dicha persona solamente de la comisión del delito de grado menor, el veredicto viene a hacer las veces de una absolución por el delito imputado y no puede el acusado ser nuevamente juzgado por ese delito aun en el caso de que se conceda un nuevo juicio mediante solicitud del referido acusado; y examinando nuestros propios estatutos encontramos que el delito de acometimiento con arma mortífera está necesariamente comprendido en el de acometimiento con intención de cometer homicidio, y en una denuncia o acusación en que se impute la comisión del delito mayor con arma mortífera puede declararse culpable al acusado del delito menor. (*People* v. *Gordon,* 99 Cal., 228) Por consiguiente, desde luego que el delito de acometimiento y agresión con circunstancias agravantes del cual fué de-

clarado culpable el acusado, estaba debidamente comprendido en el delito de acometimiento con intención de cometer homicidio que se le imputó en la acusación, y pudo justamente declarársele culpable del delito menor, aun cuando no hubiera formulado su alegación. Por tanto, habiendo sido el acusado absuelto anteriormente en la corte municipal por el mismo delito, no debió habérsele declarado culpable de dicho delito en la corte de distrito después que hizo su alegación ante la corte de haber sido ya expuesto por dicho delito.

Por las razones expresadas la sentencia dictada por la corte inferior debe revocarse y desestimarse la acusación.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.